| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| **KATHY A. DOCKERY**<br>**CHAPTER 13 TRUSTEE**<br>**801 S. FIGUEROA ST., SUITE 1850**<br>**LOS ANGELES, CA 90017**<br>**PHONE: (213) 996-4400**<br>**FAX: (213) 996-4426**<br><br>Chapter 13 Trustee | **FILED & ENTERED**<br><br>**APR 02 2025**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY bakchell  DEPUTY CLERK |

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>**JUAN CARLOS CISNEROS**<br><br><br><br><br><br>Debtor(s). | CASE NO.: **2:24-bk-20439-DS**<br>CHAPTER: 13<br><br>**ORDER CONFIRMING CHAPTER 13 PLAN**<br><br>DATE:  3/20/25<br>TIME:  1:30 pm<br>COURTROOM: 1639 16TH FLOOR<br>PLACE: Roybal Building<br>255 East Temple Street<br>Los Angeles, CA 90012 |

This order pertains to the *Original* Chapter 13 Plan filed on **1/29/25**, docket number **18**.

The Plan was served on the creditors pursuant to FRBP 3015. Debtor* appeared and was examined at a meeting of creditors conducted pursuant to 11 U.S.C. § 341(a). The court, finding that the Plan with any modification made at the confirmation hearing meets the requirements of 11 U.S.C. §§ 1322 and 1325, orders as follows:

The Plan is confirmed, with the following provisions:

**I.  PLAN PAYMENTS AND LENGTH OF PLAN:**

A. Debtor's Monthly Plan payments will commence on **1/22/25** and continue on that day of the month for **60** months. These payments shall be:
   Payments by Debtor of **$666.00** per month for months **1** through **60**

   ☐ Continuation of payment schedule attached.
   For a total plan length of **60** months totaling **$39,960.00**, plus tax refunds if required.

---

*"Bankruptcy Code"* and *"11 U.S.C."* refer to the United States Bankruptcy Code, Title 11 of the United States Code.
*"FRBP"* refers to the Federal Rules of Bankruptcy Procedure. *"LBR"* and *"LBRs"* refer to the Local Bankruptcy Rule(s) of this court.
* The term *"Debtor"* refers to both debtor spouses in a joint bankruptcy case.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California

B. ☐ This is a Fixed Percentage Plan. Claims in Classes 1 through 4 and 7 will be paid pursuant to the Order of Payments of Claims set forth below. After these payments are completed, nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* _____ % of the total amount of these allowed claims.

C. ■ This is a Residual Plan. After payments required to be made to all classes 1 through 4 and 7, this is estimated to pay a total of **$30,040.67** and **100.00**% to claims in Class 5.

D. Income Tax Returns and Income Tax Refunds

All Debtors will provide to the Chapter 13 trustee a copy of each income tax return filed during the Plan term within 14 days of filing the return.

☐ During the Plan term, Debtor must turn over to the Chapter 13 Trustee all tax refunds in excess of $500.00 (combined federal and state) per year.

■ This is a 100% Plan. Unless the Plan is modified to a lower percentage, the Debtor may retain tax refunds.

## II. ORDER OF PAYMENTS OF CLAIMS

Unless modified by Part III.E of this Order, the Chapter 13 Trustee must make payments on claims as set forth in Section II.A of the Plan.

## III. OTHER PROVISIONS:

A. ☐ Lien Avoidance

☐ 1. The Plan provides (in Section IV.A.) that Debtor will request the court to value property or avoid liens of creditors under 11 U.S.C. § 506 by separate motion(s). This court has issued order(s) on such motion(s). The affected liens are identified in **Attachment A**. Unless otherwise ordered by this court, the effective date on which such liens will be avoided is the date of completion of all Plan payments.

☐ 2. The Plan utilizes Section IV.C to modify secured claims and liens without a separate motion and serves as the motion to value the real or personal property and avoid liens and security interests of creditors. See **Attachment B** for valuation and avoidance of liens under 11 U.S.C § 506.

☐ 3. The Plan utilizes Section IV.C to avoid judicial liens or nonpossessory, nonpurchase-money security interests of creditors on real or personal property under 11 U.S.C § 522(f).

☐ See **Attachment C** for avoidance of real property judicial liens.

☐ See **Attachment D** for avoidance of judicial and nonpossessory, nonpurchase-money security interests of creditors on personal property.

B. ☐ Surrender of Collateral and Automatic Stay Termination

The following collateral is surrendered to secured creditors and the automatic stay provisions of 11 U.S.C. § 362(a) are terminated as to the collateral only, and the co-debtor stay under 11 U.S.C. §1301 is terminated in all respects, upon entry of this order.

C. Attorney Fees

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

April 2019                                                    Page 2                           F 3015-1.03.ORDER.CNFRM.CH13.PLAN

1. ■ Attorney for Debtor is employed under the Rights and Responsibility Agreement (RARA) and is awarded Base Fees of **$7,000.00**. Having received **$2,500.00**, Attorney for Debtor is entitled to a payment of **$4,500.00** from the bankruptcy estate on account of such Base Fees.

2. ☐ Attorney for Debtor is employed on an hourly fee contract. All fee awards shall be by separate order.

D. The Chapter 13 Trustee is authorized to make a payment to creditors holding allowed secured claims based on the Plan. However, the amounts listed on a proof of claim for an allowed secured claim control over any contrary amounts listed in the Plan as to the current installment payment and arrearage unless otherwise ordered by the court. Also, any determination in the Plan or by separate motion made under FRBP 3012 about the amount of a secured claim is binding on the creditor holding the claim, even if the holder files a contrary proof of claim, regardless of whether an objection to claim has been filed. If relief from the automatic stay is ordered as to a secured creditor on certain collateral, then all payments under the Plan to the secured creditor as to that collateral will cease.

E. ■ The following modifications to the Plan have been agreed to by the Chapter 13 Trustee, and/or a creditor if applicable, and Debtor, or have been ordered by the court at the Plan confirmation hearing:

**SEE ATTACHMENT FOR ORDER CONFIRMING CHAPTER 13 PLAN**

F. Revesting Property

Property of the bankruptcy estate will revest in Debtor after a discharge is granted or, if the case is dismissed or closed without a discharge, in accordance with 11 U.S.C. § 349 and any order of the court. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance asrequired by the LBRs. Before any discharge or dismissal, Debtor must seek approval of the court to purchase,sell, or refinance real property.

G. Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

###

Date: April 2, 2025

_____
Deborah J. Saltzman
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

April 2019                                    Page 3                    F 3015-1.03.ORDER.CNFRM.CH13.PLAN

## MODIFICATIONS TO PLAN

1. Page 3 of the Original Plan or the most recently Amended Plan is interlineated and amended to remove the check from the "Percentage Plan" box; add a check the "Residual Plan" box and change the percentage in the "Residual Plan" box to 100%.

2. Class 1, Line (a)(2) of the plan filed on 1/29/25 is interlineated and amended to show Attorney's Fees in the amount of $4,500.00.

3. A payroll deduction order may be issued when the debtor(s) is delinquent by two plan payments. No further declaration or order is required. If the Chapter 13 Trustee issues a payroll deduction order to the debtor's(s') employer(s) and the amount set forth in the payroll deduction order is insufficient to pay the total amount of each plan payment as it comes due during the plan term, the debtor(s) shall pay any shortfall to the Chapter 13 Trustee's payment address on a timely basis.

4. If the debtor(s) and mortgage lender(s) enter into a valid and binding loan modification agreement, the debtor(s) shall, within 28 days of final approval of the loan modification agreement, produce an executed copy of the loan modification agreement, file an amended Schedule J to show the modified mortgage payment expense and provide written notice to the Chapter 13 Trustee of the foregoing.

5. All interest rates set forth in the confirmed plan or the order confirming the plan shall be calculated by utilizing a simple interest rate calculation.

6. If the debtor, joint-debtor or debtor's non-filing spouse obtains new employment or generates income through any other new source of income during the term of the plan, the debtor(s) shall amend Schedule I, provide adequate proof of income and provide written notice to the Chapter 13 Trustee within 14 days of receipt of evidence of income from the new employment or source of income

7. The Trustee may increase or decrease the dollars and the equivalent percentage paid to nonpriority unsecured creditors without further court order if the debtor(s) selects a "Residual" Plan in Part 2, Paragraph B of the confirmed plan or a "Residual" plan is provided for in the order confirming the plan. All nonpriority unsecured creditors shall be paid on a pro rata basis unless otherwise provided for in the plan, the order confirming the plan or subsequent court order modifying the plan. In no case shall the dollar amount and equivalent percentage be modified below the dollar amount and percentage required to be paid pursuant to the liquidation analysis or the chapter 13 means test unless provided for by further court order modifying the plan.

8. If a creditor returns funds to the Trustee after disbursement of funds to that creditor pursuant to the debtor's confirmed plan or modified plan, those funds shall remain property of the bankruptcy estate. The returned funds shall be deposited into the debtor's case for disbursement to the creditors of the bankruptcy estate pursuant to the terms of the debtor's confirmed or modified plan.

   If the payment instrument for the returned funds is made payable to both the debtor and the Trustee, the funds shall remain wholly property of the bankruptcy estate and the Trustee shall deposit the payment instrument into the debtor's case and disburse the funds to the creditors of the bankruptcy estate pursuant to the terms of the debtor's confirmed plan or modified plan.

**BANKRUPTCY PAYMENT SCHEDULE**

| PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | 1/22/25 | $666.00 | 21 | 9/22/26 | $666.00 | 41 | 5/22/28 | $666.00 |
| 2 | 2/22/25 | $666.00 | 22 | 10/22/26 | $666.00 | 42 | 6/22/28 | $666.00 |
| 3 | 3/22/25 | $666.00 | 23 | 11/22/26 | $666.00 | 43 | 7/22/28 | $666.00 |
| 4 | 4/22/25 | $666.00 | 24 | 12/22/26 | $666.00 | 44 | 8/22/28 | $666.00 |
| 5 | 5/22/25 | $666.00 | 25 | 1/22/27 | $666.00 | 45 | 9/22/28 | $666.00 |
| 6 | 6/22/25 | $666.00 | 26 | 2/22/27 | $666.00 | 46 | 10/22/28 | $666.00 |
| 7 | 7/22/25 | $666.00 | 27 | 3/22/27 | $666.00 | 47 | 11/22/28 | $666.00 |
| 8 | 8/22/25 | $666.00 | 28 | 4/22/27 | $666.00 | 48 | 12/22/28 | $666.00 |
| 9 | 9/22/25 | $666.00 | 29 | 5/22/27 | $666.00 | 49 | 1/22/29 | $666.00 |
| 10 | 10/22/25 | $666.00 | 30 | 6/22/27 | $666.00 | 50 | 2/22/29 | $666.00 |
| 11 | 11/22/25 | $666.00 | 31 | 7/22/27 | $666.00 | 51 | 3/22/29 | $666.00 |
| 12 | 12/22/25 | $666.00 | 32 | 8/22/27 | $666.00 | 52 | 4/22/29 | $666.00 |
| 13 | 1/22/26 | $666.00 | 33 | 9/22/27 | $666.00 | 53 | 5/22/29 | $666.00 |
| 14 | 2/22/26 | $666.00 | 34 | 10/22/27 | $666.00 | 54 | 6/22/29 | $666.00 |
| 15 | 3/22/26 | $666.00 | 35 | 11/22/27 | $666.00 | 55 | 7/22/29 | $666.00 |
| 16 | 4/22/26 | $666.00 | 36 | 12/22/27 | $666.00 | 56 | 8/22/29 | $666.00 |
| 17 | 5/22/26 | $666.00 | 37 | 1/22/28 | $666.00 | 57 | 9/22/29 | $666.00 |
| 18 | 6/22/26 | $666.00 | 38 | 2/22/28 | $666.00 | 58 | 10/22/29 | $666.00 |
| 19 | 7/22/26 | $666.00 | 39 | 3/22/28 | $666.00 | 59 | 11/22/29 | $666.00 |
| 20 | 8/22/26 | $666.00 | 40 | 4/22/28 | $666.00 | 60 | 12/22/29 | $666.00 |